CURTIS NEEL and his wife MATTIE NEEL v. M. B. RUDMAN and his wife JOSEPHINE DAVIS RUDMAN, HARRY SUSMAN and JAMES G. ALLISON.

33 So. (2nd) 234    January Term, 1948
January 13, 1948    En Banc

*James H. Finch,* for appellants.

*B. L. Solomon,* for appellees.

BUFORD, J.:

The amended bill of complaint, among other things, alleged in effect that plaintiff, being the owner of certain lands

in Jackson County, Florida, on November 1st 1943, executed an oil and gas ten year term lease to Sun Oil Company for the sum of $75.00 or 25c per acre rental. A copy of the lease is attached to the bill and is in conventional form. That on August 23rd 1944, while said lease was in full force and effect, "the defendant M. B. Rudman, called at the home of the plaintiff, near Grand Ridge, Florida, and introduced himself to the plaintiffs as being the agent of the said Sun Oil Company, and then and there stated and represented to the plaintiffs that the said Sun Oil Company, which he then represented, had more money than it knew what to do with, and desired to invest some of its surplus moneys in purchasing from the plaintiffs, and from other lessors to said Sun Oil Company, a one-half share of the ⅛ royalty which the plaintiffs and other lessors to said Sun Oil Company had reserved to themselves in their leases to Sun Oil Company, and that he, the said Rudman, was then and there ready to purchase of and from the plaintiffs a one-half share of such ⅛ royalty so reserved by the plaintiffs in their said lease to Sun Oil Company, and that he, the said Rudman, would pay to plaintiffs then and there the sum of 50c per acre, or the sum of $150.00, for such share of said royalty. And the said Rudman then and there withdrew from his brief case a printed form of instrument for the plaintiff Curtis Neel to examine, and handed the same to him; and the plaintiff Curtis Neel did read over the same, and found nothing in the printed form contrary to the representations made by said Rudman to plaintiffs as hereinafter set out, and the said Rudman, after the plaintiff Curtis Neel had looked over the form handed him, took up from the plaintiff Curtis Neel the form which he the said Rudman had offered for examination, and thereafter withdrew from his brief case another printed form which he, the said Rudman, presented for execution by the plaintiffs.

That the plaintiff Curtis Neel acting for himself and his wife, then and there inquired of the said Rudman if the instrument which he, the said Rudman, had and held in his hand and offered to plaintiffs for execution, when executed by plaintiffs would in anywise reduce or affect the annual rental which the plaintiffs had been receiving and expected to continue to re-

ceive from their lease to Sun Oil Company, and further inquired of said Rudman as to how long a period of time the instrument so offered to plaintiffs for execution would run or last, and further inquired of said Rudman if the instrument which he had offered the plaintiffs for execution would or did cover or include anything other than the ⅛ royalty which the plaintiffs had reserved in their said lease to Sun Oil Company.

■ That the said Rudman did then and there, in response to the said inquiries of the plaintiffs, in order to induce the plaintiffs to execute the said instrument so offered by him to them for execution, (and which the plaintiffs did thereafter execute), stated and represented to the plaintiffs the following material facts, as an inducement to the execution of said instrument, to-wit:

(a) That the said instrument was only for the purchase of a one-half share of the royalty which the plaintiffs had reserved in their lease to Sun Oil Company, as aforesaid: (b) that the said instrument covered nothing else than the purchase of a one-half share of plaintiffs said ⅛ royalty; (c) that he, the said Rudman, was then and there the agent of the said Sun Oil Company; (d) that the life of the said instrument which he, the said Rudman, offered for execution would be the same as the life of the lease to Sun Oil Company,—that the said instrument would expire or run out as and when the lease aforesaid should run out; (e) and that by the plaintiffs executing the said instrument so offered the annual rents from the said Sun Oil Company would not in any manner be reduced or affected.—that plaintiffs would continue to receive the full rentals provided for in their lease to Sun Oil Company.

That the plaintiff had found their dealings with the said Sun Oil Company entirely satisfactory, and the introduction by said Rudman of himself as agent of that company tended to create and did create in the plaintiffs a feeling of confidence in the said M. B. Rudman and a feeling of confidence or faith in the truthfulness of the aforesaid representations which the said Rudman had made to the plaintiffs; and the terms and consideration and effect of the said instrument so offered to

plaintiffs for execution as stated by said Rudman appearing to be fair and just to the plaintiffs, and the plaintiffs having at the time been without any experience in the reading and interpretation of written contracts, leases and deeds, and being without the ability to understand and construe such documents as oil and gas and mineral deeds, the plaintiffs believed the said material representations of fact so made to the plaintiffs by the said Rudman, as above stated, to be true and relied upon such representations as being true, and so believing and so relying upon the truth of such representations, and having no notice or knowledge that such representations were untrue, the plaintiffs signed and executed the instrument as so presented to them as aforesaid and delivered the same to said M. B. Rudman and received of and from said Rudman the consideration for such instrument in the sum of $150.00.

Plaintiffs aver that said instrument of which Exhibit B is a copy, was duly filed for record and recorded in the public deed records of Jackson County, Florida, in Deed Book 373, page 170, on Sept. 5, 1944, and a certified copy of said instrument, marked Exhibit B, is hereto attached and by reference made a part hereof.

Plaintiffs further aver that after the said instrument, Exhibit B, was executed and delivered to said Rudman, he, the said Rudman, gathered up and took away with him all printed forms of said instrument and left the plaintiffs no copy whatever, but such circumstances did not, however, at the time, cause any suspicion on the part of the plaintiffs.

That the plaintiffs did not have any knowledge or notice of the true character of the instrument which they had executed until after the next annual rental payment from Sun Oil Company to plaintiffs became due and payable; and the plaintiffs then found and were advised that only one half the annual rental was remitted to the plaintiffs, and that one half of such rental payment had been made to said M. B. Rudman, and his assignees.

That sometime thereafter the plaintiffs employed an attorney, and procured from the Clerk's office a copy of the said instrument, Exhibit B, labeled MINERAL RIGHT AND

ROYALTY TRANSFER. That upon obtaining a copy of said instrument the plaintiffs were advised by their attorney, and now allege the fact to be, that the said instrument (Exhibit B) so executed by plaintiffs to said M. B. Rudman was not and is not the instrument so explained and represented by the said Rudman to the plaintiffs to be, but that on the contrary the said instrument does cover and include an assignment of one-half the annual rentals payable to the plaintiffs under the terms of their said lease to Sun Oil Company, and does further contain an outright grant or conveyance in perpetuity of a one half share or interest in all oil, gas and other minerals on, in or under the lands of the plaintiffs aforesaid, described in Section 2 of this amended bill, and that the said instrument constitutes a perpetual encumbrance on and limitation of the fee simple title to said lands of the plaintiffs, and seriously and injuriously affects, for all time to come, unless the said instrument be cancelled, the value, the loan value and the marketability of the plaintiffs' said lands.

Plaintiffs further aver that the aforesaid representations of material facts stated and made to the plaintiffs by the said Rudman, as an inducement to the plaintiffs to execute the said instrument, of which Exhibit B is a copy, as representations of such facts as are set forth in paragraph 1 of Section 5 of this amended bill, were each and every one of them false, fraudulent and untrue, and were at the time the said representations were made by said Rudman by him known to be false and untrue; that the said representations of material facts so made by said Rudman to plaintiffs as aforesaid, were relied on and believed by the plaintiffs to be true at the time they executed the said instrument to said Rudman, represented by Exhibit B, and such false and material representations of fact had the effect of inducing, and did induce, the plaintiffs to execute the said instrument, Exhibit B, which the plaintiffs would not have executed but for said false representations of material facts and the plaintiffs' reliance on such representations as being true.

Plaintiffs further aver that at the time of the execution of the said instrument, Exhibit B, the said M. B. Rudman and the plaintiffs did not stand upon equal footing, in this, to-wit:

that the said Rudman at such time was trained and experienced in the understanding and interpreting of contracts, leases and deeds relating to oil, gas and other minerals, and for a long time prior to the execution of said instrument, Exhibit B, the said Rudman had been engaged as a business in taking leases, mineral rights and royalty transfers, and other like instruments from various and sundry people, and in making transfers of all kinds involving oil, gas and mineral rights in lands, and the said Rudman then and there knew the legal effect of the said instrument which he procured the plaintiffs to execute, whereas the plaintiffs, at the time of making said Mineral Right and Royalty Transfer had no knowledge of or experience in the making of leases, contracts or deeds relating to oil, gas or other mineral rights, and were incapable of interpreting or understanding the legal effect of the instrument which they executed, represented by Exhibit B." It was then alleged that Rudman and his assigns have since said transaction, received one-half of the annual rentals paid by Sun Oil Company for said lease.

It is alleged that Rudman and wife have assigned certain interests in said minerals to one Susman and to one Allison who, with their respective wives, are joined as defendants. The plaintiffs offer to return to Rudman sufficient of the consideration paid them which with the payments made by Sun Oil Company to Rudman will equal the amount paid by Rudman to plaintiffs in this transaction.

It must be borne in mind that a conveyance of a royalty interest and the conveyance of minerals in place are two entirely different documents and convey entirely different interests, but that to the average man with no experience in such matters they appear so much alike as for one to be easily substituted for the other.

The chief difference in these two documents is that a royalty deed provides:

"That I or we ........................, Grantor, of ..............., for and in consideration of the sum of ............... ($    ) Dollars cash in hand paid by ........................, Grantee, receipt of which is hereby acknowledged, and for other valuable con-

42

siderations do hereby grant, bargain, sell and convey unto said Grantee ........................., as same may be produced and saved, of the oil and gas in or under the following described land in the county of ................ State of ..............., to-wit:

(description)"

And also:

"However, if oil or gas be produced from said lands by Grantor or by any other in paying quantity, then there shall be paid to Grantee, his heirs, personal representatives or assigns, the above and foregoing part of the total saved production; namely, .................... thereof, as royalty, according to this Deed."

While the mineral Deed provides:

"That I, or we, ..................., Grantor...., of .....................
for and in consideration of the sum of .................... ($    )
Dollars cash in hand paid by ........................., Grantee, receipt of which is hereby acknowledged, and for other valuable considerations do hereby grant, bargain, sell and convey unto said Grantee the following described interest in the oil and gas and other minterals, to-wit: ...................................... .............
comprising ............ acres, more or less; together with the rights of ingress and egress for making geological investigations and exploring for oil and gas and other mineral possibilities, and of erecting structures of any needful kind for producing, saving, storing and transporting oil and gas and other mineral, as, if and when produced on the premises, and to do any and every matter and thing incident to such operation; with the right to remove any and all property of whatsoever kind or character placed on the said land."—

And also:

"Either party hereto having an interest in the oil, gas or other minerals under the terms of this deed, his heirs, assigns or personal representatives may lease the lands herein described for the exploration of oil, gas and/or other minerals and thereupon the parties hereto shall be bound by the terms of such lease and the parties hereto shall share in the proceeds of such lease in proportion to the interest of each in such oil, gas or other minerals, as fixed by this Deed; provided, how-

ever, no lease shall be made for less than a one-eighth royalty in addition to such cash payments or rentals as may be required of Lessee."

These are matters so generally known that courts may take judicial cognizance of them.

Our conclusion is that the amended bill of complaint states equitable grounds for the relief prayed as against Rudman and wife but fails to show such guilty knowledge on the part of their alleged assignees. So the order dismissing the cause as to Rudman and wife is reversed but such order as to Susman and Allison is affirmed.

So ordered.

TERRELL, CHAPMAN and BARNS, JJ., concur.

THOMAS, C. J., ADAMS and SEBRING, JJ., dissent.